David Nordlund
409464
Goose Creek Correctional Center
22301 W. Alsop Rd.
Wasilla, AK  99623

RECEIVED
APR 13 2020
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

David Nordlund
    plaintiff

vs

| Dominick Eubank | Ofc. Rogers \| Jeremy Hough |
|---|---|
| Gregory Smith | M. Garner |
| Aaron Richwine | Unknown Officer |
| David Burns | Sondra Thomas |
| Colin Neace | Laura Brooks |
| Brandon Schafer | Darrel Hess |
| Tony Underwood | Amanda Fisher |
| Yolanda Cotton | Anchorage Police Dep't. |
| D. Lincoln | Munincipality of Anchorage |
| defendants | |

case no. 3:20-CV-00085-TMB

COMPLAINT UNDER
THE CIVIL RIGHTS ACT
42 U.S.C. § 1983

## Jurisdiction

Jurisdiction is invoked under 28 U.S.C. § 1343(a)(3)

## Parties

This complaint alleges that the civil rights of David Nordlund, who presently resides at 22301 W. Alsop Rd., Wasilla, AK, 99623, were violated by the actions of the individuals named below.

## Defendants

1. Dominick Eubank is a citizen of Alaska, and is employed as a police officer for the Anchorage Police Department (APD).

This defendant personally participated in causing my injuries and I want money damages.

2. Gregory Smith is a citizen of Alaska, and is employed as a police officer for the APD.
   This defendant personally participated in causing my injuries and I want money damages.

3. Aaron Richwine is a citizen of Alaska, and is employed as a Field Training Officer (FTO) for the APD.
   This defendant personally participated in causing my injuries and I want money damages.

4. David Burns is a citizen of Alaska, and is employed as a Sergeant (Sgt.) for the APD.
   This defendant personally participated in causing my injuries and I want money damages.

5. Colin Neace is a citizen of Alaska, and is employed as a police officer for the APD.
   This defendant personally participated in causing my injuries and I want money damages.

6. Brandon Schafer is a citizen of Alaska, and is employed as a police officer for the APD.
   This defendant personally participated in causing my injuries and I want money damages.

7. Tony Underwood is a citizen of Alaska, and is employed a medical services provider for the STATE OF ALASKA DEPARTMENT OF CORRECTIONS (DOC).
   This defendant personally participated in causing my injuries and I want money damages.

8. Yolanda Cotton is a citizen of Alaska, and is employed as a medical services provider for the DOC.
   This defendant personally participated in causing my injuries and I want money damages.

9. D. Lincoln is a citizen of Alaska, and is employed as a medical services provider for the DOC.
   This defendant personally participated in causing my injuries and I want money damages.
10. Ofc. Rogers is a citizen of Alaska, and is employed as a Facility Standards Officer (FSO) for the DOC.
    This defendant personally participated in causing my injuries and I want money damages.
11. M. Garner is a citizen of Alaska, and is employed as an Assistant Superintendant (Supt.) for the DOC.
    This defendant personally participated in causing my injuries and I want money damages.
12. Unknown Officer is a citizen of Alaska, and is employed in the medical office for the DOC.
    This defendant personally participated in causing my injuries and I want money damages.
13. Sondra Thomas is a citizen of Alaska, and is employed as an Assistant Superintendant (Supt.) for the DOC.
    This defendant personally participated in causing my injuries and I want money damages.
14. Laura Brooks is a citizen of Alaska, and is employed as a member of the medical board for the DOC.
    This defendant personally participated in causing my injuries and I want money damages.
15. Darrel Hess is a citizen of Alaska, and is employed in the office of the Munincipal Ombudsman.
    This defendant personally perticipated in causing my injuries and I want money damages.

16. Amanda Fisher is a citizen of Alaska, and is employed as an Internal Affairs (I.A.) agent for the APD.
    This defendant personally participated in causing my injuries and I want money damages.

17. Jeremy Hough is a citizen of Alaska, and is employed as an Acting Director of Institutions for the DOC.
    This defendant personally participated in causing my injuries and I want money damages.

18. Anchorage Police Dep't is a local government unit in Alaska.
    This defendant's policies caused my injuries and I want money damages.

19. Munincipality of Anchorage is a local government in Alaska.
    This defendant's policies caused my injuries and I want money damages.

## Exhaustion of Administrative Remedies

Plaintiff has exhausted all administrative remedies.

## Causes of Action

1: On or about April 17, 2019, my civil right to be free from unreasonable searches and seizures was violated by Dominick Eubank, Gregory Smith, Aaron Richwine, and David Burns.

## Facts

On April 17, 2019, at approximately 12:45 a.m., Dominick Eubank and Gregory Smith placed plaintiff into handcuffs. Plaintiff was transported to the Anchorage Correctional Complex and incarcerated. There was no probable cause for the arrest. It is clearly established that an arrest without probable cause violates a person's Fourth Amendment rights.

FTO Aaron Richwine was the field training officer on the scene and was directly training Gregory Smith. FTO Richwine did not intervene and prevent the unlawful seizure of plaintiff, and in fact ratified the actions of Dominick Eubank and Gregory Smith.

Sgt. David Burns was the supervising officer on the scene and did not intervene and prevent the unlawful seizure of plaintiff, and in fact ratified the actions of Dominick Eubank and Gregory Smith and also ratified the failure to act of FTO Richwine.

Thus FTO Richwine and Sgt. Burns failed to train and failed to supervise, proving an obvious need for more or different training. This inadequacy in supervision and training resulting in the violation of plaintiff's constitutional rights makes the Anchorage Police Dep't and the Munincipality of Anchorage liable to plaintiff for injuries suffered by being deliberately indifferent to the need of adequate supervision and training.

## Causes of Action

2: On or about April 29, 2019, at approximately 4:30 a.m., my civil right to be free from from unreasonable searches and seizures was violated by Colin Neace and Brandon Schafer.

### Facts

On April 29, 2019, at approximately 4:30 a.m., Colin Neace used under the circumstances of which it was used, deadly force in affecting an arrest of plaintiff, by firing a projectile into the face of plaintiff, causing plaintiff to fall two stories onto his head, resulting in serious physical injuries to plaintiff.

The use of deadly force has been clearly established in Alaska law since May 9, 1980, in the matter of Sundberg, 611 P.2d 44.

Upon being placed into handcuffs plaintiff was under the control of Brandon Schafer. Prior to being placed into the back of a patrol cruiser plaintiff felt a sharp pain in his right wrist. Upon looking down plaintiff witnessed the police officer replacing an orange cap onto a hypodermic syringe. Tests from Providence Medical Center confirmed foreign substances in the body of plaintiff.

Plaintiff filed complaint with the Anchorage Police Dep't Internal Affairs regarding the use of deadly force resulting in the serious physical injuries of plaintiff. I.A. Amanda Fisher failed to investigate, and in fact ratified Colin Neace's use of deadly force.

Plaintiff filed complaint with the Munincipal Ombudsman. Darrel Hess failed to investigate, and in fact ratified the use of deadly force and failure of investigation of Amanda Fisher. Thus, making the Anchorage Police Dep't and the Munincipality of Anchorage liable to plaintiff for injuries suffered by being deliberately indifferent to the need of adequate investigation, training, and supervision.

## Causes of Action

3; On or about July 2, 2019 - April 2, 2020, my civil right to medical care was violated by Tony Underwood, Yolanda Cotton, D. Lincoln, Ofc. Rogers, Unknown Officer, Sondra Thomas, Laura Brooks, and Jeremy Hough.

## Facts

Plaintiff was being treated for the injuries caused by Colin Neace by licensed medical professionals. On July 2, 2019 plaintiff was remanded into incarceration. Plaintiff immediately notified medical staff of the DOC of his injuries and ongoing treatment.

Plaintiff filled out releases of information for all pertainent medical providers in order to continue on treatment. Sometime during the second week of July, 2019, plaintiff was seen by Tony Underwood at which time plaintiff described the nature of injuries to include traumatic brain injury and the suffering of extremely painfull headaches as a result from such injury.

Tony Underwood had plaintiff fill out more releases of information in regard to the discussed T.B.I. Tony Underwood assured plaintiff that if his records included a referral for T.B.I. the order would be honored.

On July 20, 2019, plaintiff was seen by Yolanda Cotton in regard to plaintiff's injuries. Plaintiff again descibed his injuries and symptoms, to include extreme pain from headaches caused by the T.B.I. Yolanda Cotton assured plaintiff that if his records include referral for T.B.I. the order would be honored.

The first week of September, 2019, plaintiff was again seen by Tony Underwood. Tony Underwood claimed there was no referrance to a T.B.I. referral included in plaintiff's records.

Plaintiff began a series of grievances in address to a serious medical need.

Ofc. Rogers was FSO for DOC and failed to adequately address plaintiff's serious medical need, and in fact ratified the denial of treatment. M. Garner is a decision maker for the DOC and failed to adequately address plaintiff's serious medical need, and in fact ratified the denial of treatment. Unknown Officer works in the medical office of the DOC and failed to adequately address plaintiff's serious medical need, and in fact ratified the denial of treatment.

All decision makers, in pertainence, failed to adequately address plaintiff's serious medical needs and took no action until an investigation was initiated by the STATE OF ALASKA OMBUDSMAN, when Sondra Thomas became involved with the investigation. Sondra Thomas had failed to adequately address plaintiff's serious medical needs, and in fact ratified denial of treatment. Laura Brooks, the DOC Health Care Administrator, was consulted as a result of the Ombudsman investigation and failed to adequately address plaintiff's serious medical needs, and in fact ratified the denial of treatment.

All defendants mentioned above ignored a substantial risk of serious harm and are continuing to cause unecessary and wanton infliction of pain, which has been clearly established as violative of the Eighth Amendment.

## Pleading State of Mind

Plaintiff alleges that all defendants named in this action acted recklessly, intentionally, with gross negligence, and with malice and sadistic.

## 28 U.S.C. 1915(a)(1)(2) and (e)

Plaintiff pleads in forma pauperis and requests that this Honorable Court allow this action to proceed without pre-payment of fees. Plaintiff is an indigent prisoner and has no monies, or any other assets of value, and no other resources. Plaintiff does agree, that if he should be awarded damages, said award may be utilized in payment of fees. Plaintiff is not trained in the law nor has any monies to hire a lawyer, and does request that this Honorable Court ask a competent attorney to assist plaintiff in his claims.

## Previous Lawsuits

Plaintiff has not begun any other lawsuit in state or federal court dealing with the same facts invovled in this action.

Plaintiff has not filed any action in federal court that was dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted.

## Request for Relief

Damages in the amount of $100,000,000

Punitive damages in the amount of $100,000,000

Plaintiff demands a jury trial.

## Declaration Under Penalty of Perjury

I, David Nordlund, declare under penalty of perjury that I am the plaintiff in the above action, that I have read the above civil rights complaint and that the information contained in the complaint is true and correct.

Executed at Wasilla, AK, on April 2, 2020

David Nordlund

## Addendum to Include Causes of Action Against Jeremy Hough

On or about February 18, 2020, plaintiff mailed correspondence to Nancy Dahlstrom, Commissioner of the Dapartment of Correcions. Said correspondence included the denial of medical treatment. This correspondence was responded to by Jeremy Hough on March 6, 2020.

After explaining that I had gone through exhaustion of remedies in an unrelated matter, I was experiencing a similar situation in the denial of medical treatment, his reply was that I should file a grievance, which is exhaustion of remedies.

This résponse shows a deliberate indifference to serious medical needs, especially when Jeremy Hough was a decision maker in a previous series of grievances relating to the denial of medical care pertaining to the same set of facts.

Jeremy Hough acted recklessly, intentionally, with gross negligence and maliciously and sadisticaly.

David Nordlund 409464
Goose Creek Correctional Center
22301 W. Alsop Rd.
Wasilla, AK 99623

Alaska District Court
222 W. 7th Ave
Anchorage, AK 99513