# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

DAVID C. NORDLUND,

         Plaintiff,

    v.

DOMINICK EUBANK, *et al.*,

         Defendants.

Case No. 3:20-cv-00085-JMK

## **ORDER**

On April 6, 2021, David C. Nordlund, a self-represented prisoner, filed a Motion.[1] At Docket 35, Mr. Nordlund requests the Court impose Rule 11 sanctions against Defendants' counsel and award Mr. Nordlund attorney fees. Mr. Nordlund alleges that Defendants' counsel incorrectly asserts the dates she served the Answer upon him. The delay in his receipt of the Answer caused him to file a meritless motion for default, and therefore, Defendants' counsel has violated Rule 11(b) of Federal Civil Procedure. The Court addresses the Motion *sua sponte*.

Federal Rule of Civil Procedure 11(b) states:

> REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief,

---

[1] Docket 35.

formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(c) of Federal Civil Procedure governs violations of Rule 11(b), and in short, permits a Court to impose appropriate sanctions upon a party. Local Civil Rule 11.2 further governs the imposition of sanctions permitting the Court to impose fines, fees, and costs; establishment and preclusion orders; default; dismissal, and other sanctions as appropriate.

Rule 11's "central purpose" is "to deter baseless filings in district court" and "streamline the administration and procedure of the federal courts."[2] Moreover, Rule 11 concerns whether a party "has abused the judicial process, and, if so, what sanction would be appropriate."[3] Courts look with disfavor on a party's use of

---

[2] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

[3] *Id.* at 396.

Rule 11 as a combative tool.[4]  A Rule 11 sanction is "an extraordinary remedy, one to be exercised with extreme caution."[5]

An answer to a complaint is a defendant's opportunity to respond to the plaintiff's allegations.[6]  An answer is required to "state in short and plain terms its defenses to each claim," "admit or deny the allegations against it by an opposing party," and raise any affirmative defenses.[7]  A plaintiff does not respond to an answer, unless a counterclaim is made or a reply is ordered by the Court.[8]

Here, Mr. Nordlund argues that delay in receiving a copy of Defendants' Answer caused him to file meritless motions and has unnecessarily delayed litigation by 38 days.[9]  Defendants filed an Answer with the Court on January 25, 2021.[10]  The Answer contained a certificate of service stating a copy was mailed to Mr. Nordlund.[11]  Upon notice it was not received, Defendants resent Mr. Nordlund the Answer on February 19, 2021, which he received on March 4,

---

[4] *Autrey v. United States*, 889 F.2d 973, 986, n.20 (11th Cir. 1989).

[5] *Lee v. POW! Ent., Inc.*, 468 F. Supp. 3d 1220, 1230 (C.D. Cal. 2020) (citing *Operating Eng'r Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

[6] *See* Fed. R. Civ. P. 7–8.

[7] Fed. R. Civ. P. 8(b)–(c).

[8] Fed. R. Civ. P. 7(a).

[9] *See* Docket 35.

[10] Docket 27.

[11] Docket 27.

2021.[12]  The Court experienced no delay in receiving and reviewing the Answer, and it promptly issued a Scheduling and Planning Order.[13]  No actual delay in litigation has occurred.  Additionally, self-represented litigants are not entitled to attorney's fees in civil rights actions.[14]

Rule 11 of Federal Civil Procedure enforces ethical standards of litigation for attorneys and self-represented parties, alike.  The Court will not entertain baseless motions or "gotcha" attempts during this litigation.  This is the fourth meritless motion filed by Mr. Nordlund in fewer than 30 days.  Further motions on the issue of the delayed service of the Answer are not well-taken and may be denied as a matter of course in the future.  Should Mr. Nordlund continue to pursue these litigation tactics, he may find himself running afoul of Rule 11(b).

The Motion at Docket 35 is **DENIED**.

**IT IS SO ORDERED.**

DATED this 13th day of April, 2021 at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[12] *See* Dockets 30, 35.

[13] Docket 28.

[14] *Ramirez v. Guinn*, 271 F. App'x 574, 576 (9th Cir. 2008) (stating "pro se civil rights litigants are not entitled to attorney[']s fees under 42 U.S.C. § 1988").

Case No. 3:20-cv-00085-JMK, *Nordlund v. Eubank, et al.*
Order
Page 4 of 4
Case 3:20-cv-00085-JMK   Document 36   Filed 04/13/21   Page 4 of 4